Curia, per

O’Neall, J.
The objection to the note on which this recovery has been had, is, that it was either partially or wholly without consideration. This presents the question, was the trust estate liable for the debt when the note was given 1 It appears that the trust had been managed by a former trustee, during the time the medical services were rendered by Dr. Moore. The general rule is, that any one crediting a trustee in relation to the trust estate, trusts him on his own responsibility; and that the remedy is against him personally. The exception to this rule, is, that where a trustee contracts a debt necessary and proper for his cestui que trust, and has no funds of the trust in his hands, out of which he ought to pay it, and is insolvent, in such case, the creditor may, in equity, make the trust liable for its payment. This case is, I think, fully within the reason of the exception. The propriety and necessity of the account, seems not to be questioned. The defendant’s testator and his co-trustee settled with the former trustee, and gave him a receipt, by which they acknowledged that they had received from him all the trust property, and relieved him from “ any demands which have arisen, or which may hereafter arise, against him, in the relation he lately stood as trustee.” The former trustee was liable to Moore for the account. If he or his executor, after this settlement, had sued the former trustee, and recovered from him the amount of the account, he would have been entitled to be refunded by the trust estate. It was, therefore, eventually, if not primarily, liable ; and being so, the trustees might well say, we will take upon ourselves the payment of the debt., without driving the credit- or and former trustee to their respective actions. This was a sufficient consideration, if the debt was a legal and subsisting one. It appears that the debt was not barred at the time the defendant’s testator and his co-trustee were appointed, nor at the time they gave the former trustee *341 their receipt. It has been held, and I think with great propriety, that executors and administrators are not bound to plead the statute of limitations. If they know a debt to be just, they may legally pay it, notwithstanding it may be barred. The statute never was intended to make men dishonest against their wills. It was intended as a protection against debts unjust in their origin, or which had been paid, and against which a party is presumed by lapse of time to be deprived of the means of defence. If executors or administrators may, out of their testators’ or intes-tates’ estates, pay a debt barred by the statute, it follows, that trustees may, also. The note given by defendant’s testator, was received by the creditor as a payment, and that being a good payment, is a sufficient consideration for the note. If a debt is not barred at the death of a testator or intestate, the executor’s or administrator’s promise to pay it, will prevent the operation of the statute. The same rule must apply to trustees. In this case, the debt was not barred when the defendant’s testator and his co-trustee assumed the management of the trust, and when, of course, they became eventually liable for its payment; their promise, afterwards, to pay it, was binding on them and the trust estate. The reason that the promise should bind them, is much stronger than it is in the case of executors or administrators. The latter are the representatives of the dead, and must act on their own information and knowledge. The trustees are the representatives of persons in esse ; their cestui que trusts, for and by whom the debt is created, can inform them as to its justice or injustice. It is to be presumed that trustees usually consult them before they promise to pay the debt; and it would be strange, indeed, if a note given by one of the trustees, with such opportunities of information, for a debt not barred when he assumed the management of the trust, should be held not to be binding.
The motion for a new trial is dismissed.
JohnsoN, J. concurred.